[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10785

Non-Argument Calendar

_____

LARKIN LLOYD DERKS, III,

Plaintiff-Appellant,

*versus*

CENTURION MEDICAL, LLC,
A. OAKS,
Medical Administrator,
DR. GUZMAN-RODRIGUEZ,
DR. JASON BRENES-CATINCHI,

Defendants-Appellees,

2                    Opinion of the Court                    21-10785

V. BAKER,

Medical Administrator, et al.,

                                              Defendants.

_____

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 6:18-cv-00451-PGB-EJK

_____

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Larkin Derks, III, a *pro se* state prisoner, filed a 42 U.S.C. § 1983 action against a private contractor that provided medical services to his prison—Centurion Medical, LLC ("Centurion")—and three of its employees—Brenes-Catinchi, Oaks, and Guzman-Rodriguez—alleging that they refused to provide medical care or follow specialists' recommendations regarding his back and shoulder injuries. He appeals the denial of two Rule 59(e) motions. The first motion was filed after the district court dismissed his complaint as to Centurion, Brenes-Catinchi, and Oaks because Derks failed to exhaust his administrative remedies, and the second was filed after the district court dismissed his complaint as to Guzman-Rodriguez based on Eleventh Amendment immunity. Derks argues that he

did not receive one of two identical motions to dismiss and, thus, did not have the opportunity to respond to the exhaustion arguments raised in that motion.

## I.

We review the denial of a Rule 59(e) motion for abuse of discretion. *Lambert v. Fulton Cnty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001). The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 130 S. Ct. 1367, 1378 (2010). It does not require actual notice. *Jones v. Flowers,* 547 U.S. 220, 225, 126 S. Ct. 1708, 1713 (2006).

*Pro se* litigants must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*). Consequently, arguments not raised on appeal, even by *pro se* litigants, are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (*per curiam*). An appellant also abandons a claim when: (1) he makes only passing reference to it, (2) he raises it in a perfunctory manner without supporting arguments and authority, (3) he refers to it only in the "statement of the case" or "summary of the argument," or (4) the references to the issue are mere

background to the appellant's main arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).

Here, the district court properly denied Derks's Rule 59 motion as to Centurion, Oaks, and Brenes-Catinchi because the second motion to dismiss contained identical exhaustion arguments, so Derks had actual notice of them and not receiving the first motion did not deny him the opportunity to respond to them. Additionally, Derks does not raise and, thus, abandons any argument as to newly-discovered evidence.

## II.

Derks abandons his claim that the district court abused its discretion by denying Derks's Rule 59 motion as to Guzman-Rodriguez. In his brief, he merely states that Guzman-Rodriguez was an employee of a private company and not a government agency or local government, without providing any supporting arguments as to newly-discovered evidence or manifest errors or citing any authority. Accordingly, we affirm.

**AFFIRMED.**